## JONES et al. v. DOUGLASS et al.

No. 20553.    Opinion Filed Oct. 6, 1931.

A. A. Hatch, L. W. Crutcher, John L. Warren, and Frank L. Warren, for plaintiffs in error.

Frank Douglass, Pryor & Stokes, and Hugh Sandlin, for defendants in error.

HEFNER, J.  The title to the 80 acres of land involved herein originally constituted a portion of the allotment of Morleyar Fish, a full-blood Creek Indian, who died in 1905 and left surviving her a son named Johnson Fish and her husband, Jonas Fish. Before statehood and within a short time after the death of Morleyar Fish, Johnson Fish also died. It is agreed that upon the death of Morleyar Fish the land was inherited by her son, Johnson Fish, subject to a life estate of the husband, Jonas Fish. The controversy here arises over the devolution of the estate upon the death of Johnson Fish. Jonas Fish contended that he inherited the entire estate, and conveyed the land by warranty deed to B. O. Sims, and thereafter the title acquired by Sims passed by purchase to J. R. Autry.

On the 10th day of June, 1918, Edward R. Nix, on petition of Jonas Fish, was appointed administrator of the estate of Morleyar Fish by the county court of Hughes county and, in the final decree closing the estate, it was decreed that Jonas Fish was the sole and only heir at law of Johnson Fish, deceased, and the land in question was by the decree distributed to J. R. Autry, who, pending the administration proceedings, conveyed the land to defendant J. N. Jones.

Polly Knight and the heirs of Chinee Yahola, Martha Mayes, Cinda Fixico, and Jim Harjo, who were first cousins of the allottee, claimed that they inherited the land as her maternal heirs. Several of these alleged heirs conveyed their interest in the land to plaintiffs O. H. and P. H. Douglass, who, in connection with others claiming to be heirs of Johnson Fish, brought this action to recover possession of the land and to quiet title thereto. Other parties claiming to be paternal heirs of Morleyar Fish, deceased, intervened in the action and claimed a one-half undivided interest in the land. The trial court sustained the contention of these interveners and found that Jonas Fish was not an heir at law of Johnson Fish and not entitled to inherit any portion of his estate.

Defendants do not contend that Jonas Fish was an heir of Johnson Fish and entitled to inherit the land here involved, but they rely solely on the decree of the county court of Hughes county in the administration proceedings upon the estate of Morleyar Fish, deceased, decreeing that Jonas Fish was the sole and only heir at law of Johnson Fish and distributing the land to Autry, who claimed by purchase through Jonas Fish. This decree is pleaded by them as res judicata of the issues here involved.

The plaintiffs in error in their brief say that paragraph 2 of the petition in error states the whole contention herein. This assignment is as follows:

"For that the court erred in failing and refusing to hold and adjudge the decree of the county court of Hughes county, Okla., made November 25, 1919, in the proceedings therein entitled: 'In the matter of the Estate of Morleyar Fish, Deceased, No. 2526,' final and conclusive and not subject to collateral attack, and that it was and is a bar and res judicata as to the claims of the plaintiffs and interveners, the defendants in error herein, and erred in finding that said decree of distribution is null, void, and of no force and effect, and that the said county court of Hughes county. Okla., had no jurisdiction to determine the heirship in said proceeding."

In our opinion this plea cannot be sustained. The estate of Johnson Fish, deceased, was not administered upon by the county court. It had no jurisdiction when administering upon the estate of the mother, Morleyar Fish, deceased, to determine therein the heirship of the son, Johnson Fish, deceased. This contention was determined adversely to plaintiffs in error in the case of Lincoln v. Herndon, 141 Okla. 212, 285 P.

120, in par. 2 of the syllabus, the following rule being announced:

"Where one seized of an estate of inheritance dies prior to statehood and the estate descends to an infant who dies shortly thereafter, an attempted administration upon the estate of the first deceased, after the death of the latter, and a determination of the heirs of the first in such proceeding will not operate as res judicata so as to preclude the heirs of the infant from asserting their claims to the estate of the infant, which it inherited from the first deceased, Section 1359, C. O. S. 1921, is not applicable."

In the body of the opinion the court said:

"In other words, in the instant case the inheritance is from the unnamed infant and not from its mother from whom the estate came. The heirs of the child are to be determined and not the heirs of the deceased mother, as it is conceded that the child was the sole heir of its mother. If the heirs of the mother were to be determined, the proceedings and heirship in the county court would be final and conclusive. In this circumstance section 1359, C. O. S. 1921, is inapplicable."

Under this authority the decree relied on is not binding on the heirs of Johnson Fish, deceased, and the court was correct in so holding, and its judgment is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.